FORD v. STATE.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Nov. 4, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

661. INTOXICATING LIQUOR—936 Possession.

1. Where evidence shows that business of traffic in intoxicating liquor has been carried on in room for considerable length of time, placing of liquor in another room, off the premises in the actual control of persons charged, held not sufficient to relieve accused of liability to conviction on charge of unlawful possession.

2. Fact that assistant or employe of accused has pleaded guilty to unlawful possession of bottle of liquor, no bar to prosecution of principal for unlawful possession of same liquor.

Error to Common Pleas.

Judgment affirmed.

C. W. Osborne and John P. Barrett, Youngstown, for Ford.

R. L. Thomas, Pros. Atty., Youngstown, for State.

STATEMENT OF FACTS.

The plaintiff in error was tried upon an indictment charging him with the illegal possession of intoxicating liquor on Feb. 18, 1927, and as of a third offense. The jury returned a verdict of guilty and judgment was entered upon the verdict, and error is now prosecuted to this court upon two propositions, one the alleged insufficiency of the evidence to justify a conviction under the indictment in this case, and the other, error in the instruction of the court to the jury. A brief statement of the transaction in which it is claimed this offense arose is as follows: On the day in question the prosecuting attorney of this county, together with his assistant, Mr. Cooper, and the county detective, Mr. Harrison, went to a room located in the basement of a building, attempted to enter through the door, but were unable to do so, by reason of its being fastened, for some ten minutes, during which time considerable commotion, according to the testimony, was heard inside the room and these men were inspected through a peep-hole in the door. Finally they were permitted to enter. Upon inquiry being made as to who was in charge of the room, plaintiff in error assumed responsibility in that regard, saying that he was so in charge. A search was made of the room without the discovery of intoxicating liquor. Prosecuting the search further, Mr. Cooper passed through a door from this room into a large room which comprised substantially, as is understood, the balance of the basement under this building, and in that room there was found a large number of empty bottles and a bottle containing a small quantity, several teaspoonfuls, of a liquid which was analyzed by a chemist and found to contain about 50% of alcoholic content. He also testified that it was fit for beverage purposes and denominated it as being whiskey.

A man by the name of Gigler is said to have been the one who looked through the peep-hole. Some of the other men who were present testified. One man, whose name I think was Barrett, testified that he was a butcher by trade, that he hadn't had anything to drink there that day, but further testified to the effect that he had been frequently in this place and had, on former occasions, bought drinks, and something to the effect that Gigler was about to serve drinks when the officers appeared upon the scene. Gigler and Ford were both arrested and indicted, and Gigler plead guilty to the illegal possession of intoxicating liquor, and it is urged in this case that his plea of guilty was to the possession of the same liquor which was claimed to have been in the possession of Ford.

ROBERTS, J.

"It is claimed primarily that Ford could not properly be convicted of this offense for the reason, it is said, that he was neither found in possession of this bottle of liquor nor was it found upon premises over which he exercised any control or dominion. It may be said now that we do not think this contention is well founded. It is very evident from the testimony that a business and traffic in intoxicating liquor was being carried on in this room and had been for a considerable length of time. The placing of the liquor in the other room, especially when an alarm had been given and ten minutes opportunity for removing it was afforded, was simply carrying out the general practice now days in these cases, to keep the liquor off of the premises in the actual possession of the person charged as the guilty offender, and being brought forth in small quantities at a time, so that an effort was made to avoid evidence of being in actual possession.

It is also said that Gigler having plead guilty of possession of this bottle of intoxicating liquor, that that ended the transaction, that only one man could be guilty of possession of the liquor. We do not think that that contention is well founded. It seems to be fairly well indicated by the evidence that Gigler was in some way an employe or assistant of Ford, and it is understood to be the law that the possession may be reposed sufficiently to establish guilt on more than one person in contraband goods of this kind.

The judgment of the Court of Common Pleas is affirmed and the cause remanded for execution of sentence.

(Farr and Pollock, JJ., concur.)